UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| MARTIN ENERGY SERVICES, LLC, | |
| Plaintiff, | |
| v. | Case No. 5:14-cv-00322-RH-GRJ |
| M/V BRAVANTE IX, ITS ENGINES, MACHINERY, TACKLE, APPURTENANCES, APPAREL, ETC., and BOLDINI, LTD., and GRUPO BRAVANTE, *in personam,* | **ORAL ARGUMENT REQUESTED PURSUANT TO N.D. FL. L.R. 7.1(D)** |
| Defendants. | |
| BOLDINI, LTD., and GRUPO BRAVANTE, | |
| Counterclaimants, | |
| v. | |
| MARTIN ENERGY SERVICES, LLC, O.W. BUNKER & TRADING do BRASIL, O.W. BUNKER MIDDLE EAST DMCC, and ING BANK N.V., | |
| Defendants on Counterclaim and Crossclaim. | |

**ING BANK N.V.'S MOTION FOR SUMMARY JUDGMENT**

ING Bank N.V., as Security Agent ("ING"), upon the reasons stated herein, as well as in its accompanying memorandum of law and the uncontroverted record evidence attached to the Declaration of Brian P. Maloney, Esq. (the "Maloney Decl.") submitted in support of its motion, and upon all the prior pleadings and proceedings had in this matter, hereby moves this Court for an order granting summary judgment on the following grounds:

(i) First, for at least the following reasons, Martin Energy Services, LLC ("Martin Energy") has asserted no cognizable claim against the Defendants in this case, the M/V BRAVANTE IX, Boldini, Ltd. and Grupo Bravante (the "Defendants").

(a) Martin Energy has no breach of contract claim because its claim has already been properly asserted against its own contractual counterparty, O.W. Bunker USA, Inc. ("OW USA"), in that entity's bankruptcy proceeding pending in the United States Bankruptcy Court for the District of Connecticut – demonstrated by the proofs of claim Martin Energy filed in that proceeding. *See* Maloney Decl. Ex. 19-20 (Proofs of Claim); ING Mem. Point II.A.

(b) Martin Energy has no claim in quantum meruit because Martin Energy had a contract with OW USA governing the subject matter of its sale. Martin Energy took its order from and invoiced OW USA, and cannot recover against third parties such as Defendants, where it already had an express agreement with OW USA. *See* Maloney Decl. Ex. 3 (McClelland Tr. at 13:8-17, 16:14-20); ING Mem. Point II.B.

(c) Martin Energy has no basis for asserting a maritime lien because the fuel was provided to a vessel – the M/V BRAVANTE VIII – that is not a Defendant in this action. Martin does not have a claim against, and the Court has no *in rem* jurisdiction over, the M/V BRAVANTE VIII. That vessel is not a defendant in this case, is not before the Court and is not found in the district. *See* ING Mem. Point II.C. In addition, any claim Martin Energy might

assert as the basis for a maritime lien on the M/V BRAVANTE VIII would fail because Martin Energy did not act on "the order of the owner or a person authorized by the owner" within the meaning of the Commercial Instruments and Maritime Liens Act, 42 U.S.C. § 31341 *et seq. See Galehead v. M/V Anglia*, 183 F.3d 1242, 1245-46 (11th Cir. 1999); *Lake Charles Stevedores*, 199 F.3d 220, 229-30 (5th Cir. 1999); ING Mem. Point II.C.

(ii) <u>Second</u>, ING Bank's claim to the receivable placed at issue by Defendants' counterclaim for interpleader relief (ECF # 8 Ex. B) – the unpaid $290,100 invoice issued to Defendants by O.W. Bunker Middle East DMCC – is clear, unambiguous and uncontested.  ING Bank is the assignee of all rights, title and interest to the supply contract receivables of O.W. Bunker group entities, including the invoice received by Defendants for payment of the fuel. ING Mem. at 4-6; Maloney Decl. Ex. 5 (Security Agreement) at paragraph 2.3(a)).  The invoice at issue (ECF # 8 Ex. B) was agreed to by way of direct communication with Defendants, but it remains unpaid despite demand.  Maloney Decl. Ex. 1 (Castro Tr. 20:18-21:14), 7, 8, 9, 15 (emails reflecting agreement on essential terms).  Further, even if a lien claim upon the M/V BRAVANTE VIII were cognizable in this case, ING Bank and not Martin Energy would hold that lien as assignee of the invoicing contract supplier, O.W. Middle East.  *See Galehead*, 183 F.3d at 1245.  As such, ING Bank is entitled to the funds on deposit plus all legally allowable pre-judgment interest and costs under the terms and conditions of sale.  *See* ING Mem. Point III.

WHEREFORE, ING respectfully requests it be granted summary judgment: (i) dismissing Martin Energy's claims and Boldini & Bravante's cross-claim, (ii) directing the payment of the $290,100 in interpleaded funds in this matter, together with interest and costs, to ING and (iii) granting such other and further relief as the Court deems just and proper.

**BURKE, BLUE,**
**HUTCHISON, WALTERS & SMITH, P. A.**
Attorneys for ING Bank N.V., as Security
Agent


By:  s\ Douglas L. Smith, Esq.
    DOUGLAS L. SMITH, ESQ.
    Florida Bar No. 0816140
    221 McKenzie Avenue
    Post Office Box 70
    Panama City, Florida  32402
    (850) 769-1414
    Fax (850) 784-0857
    E-mail:  dsmith@burkeblue.com


## CERTIFICATE OF SERVICE

       I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on 11/23/2015.  Participants in the case who are registered CM/ECF users were served by the CM/ECF system.

       I further certify any participants listed on the filing receipt as non-CM/ECF users have been mailed the foregoing by US Mail.

**BURKE, BLUE,**
**HUTCHISON, WALTERS & SMITH, P. A.**
Attorneys for ING Bank N.V., as Security
Agent


By:  s\ Douglas L. Smith, Esq.
    DOUGLAS L. SMITH, ESQ.
    Florida Bar No. 0816140
    221 McKenzie Avenue
    Post Office Box 70
    Panama City, Florida  32402
    (850) 769-1414
    Fax (850) 784-0857
    E-mail:  dsmith@burkeblue.com

SK 28644 0001 6907217