IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| MARTIN ENERGY SERVICES, LLC<br><br>VS.<br><br>M/V BRAVANTE IX, ETC., ET AL.<br><br>BOLDINI, LTD. AND GRUPO BRAVANTE<br><br>VS.<br><br>MARTIN ENERGY SERVICES, LLC, ET AL. | No. 5:14-cv-00322-RH-GRJ |

## MARTIN ENERGY SERVICES, LLC'S RESPONSE TO ING BANK N.V.'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE DISTRICT COURT:

COMES Plaintiff/Counter Defendant Martin Energy Services, LLC. ("Martin"), and files its Response to ING Bank N.V.'s ("ING") Motion for Summary Judgment, and shows as follows:

I.

This litigation began as a Supplemental Rule B action by Martin against the owner and operator of the vessel BRAVANTE IX, which had been constructed in Panama City, Florida. (Doc. 1). The claim concerns fuel provided shortly before that to a sister vessel, the BRAVANTE VIII, which had left the jurisdiction by the time this suit was commenced.

II.

Martin's complaint [1] sought the arrest of the BRAVANTE IX, tangible property of the *in personam* garnishees who were not otherwise found within the district.

III.

In response, Boldini Ltd. and Grupo Bravante filed an answer and counterclaim for interpleader, naming Martin and four other entities as counter-defendants. (Doc. 8).

IV.

Thereafter, the Court entered an Order making findings pertinent to the grounds for an interpleader, directing Boldini and Grupo Bravante to deposit $290,100.00 into the Court's registry, and ruling that the funds would stand as Rule E(5) security in place of *both* the BRAVANTE VIII and the BRAVANTE IX (Doc. 10). Following entry of that Order, Boldini and Bravante deposited $290,100.00 into the Court's registry.

V.

Only two of the five counter-defendants appeared and made claims to the funds, Martin (Doc. 15) and ING Bank (Doc. 27).[2]

VI.

As shown in the supporting Memorandum, Martin submits that:

(a) Martin's complaint under Rule B was appropriate and successful in bringing garnishees before the Court;

(b) a proper showing of interpleader has been made;

(c) the evidence shows Martin's entitlement to a maritime lien or, at a minimum, raises a genuine fact issue as to that;

---

[1] The complaint was amended December 15, 2014. (Doc. 7.)
[2] ING Bank was allowed to assert its claim past the original 30-day claim bar date. (Doc. 25).

2

(d) the evidence shows that ING cannot establish a contractual right – let alone a lien right - to the funds or, at a minimum, raises a genuine fact issue;

(e) the evidence shows that ING lacks standing to claim the funds or, at least raises a fact issue as to that;

(f) the evidence shows that Martin is allowed to claim the funds under *quantum meruit* principles.

## VII.

Martin's response is supported by the following:

(a) Declaration of F. William Mahley, with Exhibits 1 - 6.

(b) Declaration of John S. McClelland, Jr., with Exhibits 1-9.

(c) Declaration of Pete Nobles, with Exhibit 1.

WHEREFORE, Plaintiff/Counter Defendant Martin Energy Services, LLC. prays that the Court deny ING Bank N.V.'s Motion for Summary Judgment, and that Martin be granted such other and further relief at law or in equity, general and special, to which it is justly entitled.

Respectfully submitted,

By: /s/ Russell R. Stewart
Russell R. Stewart
Florida Bar No. 106064
**LAW OFFICE OF RUSSELL R. STEWART**
900 E 4th St.
Panama City, Florida 32401
(850) 769-7682 – Telephone
(850) 763-0929 – Facsimile
Email: rrsfl@comcast.net

**ATTORNEYS FOR PLAINTIFF, MARTIN ENERGY SERVICES, LLC**

3

**OF COUNSEL:**
F. William Mahley
Texas Bar No. 12836740
**STRASBURGER & PRICE, LLP**
909 Fannin, Suite 2300
Houston, Texas 77010
(713) 951-5600 – Telephone
(713) 951-5660 – Facsimile
bill.mahley@strasburger.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all counsel of record pursuant to the Federal Rules of Civil Procedure on this _____ day of December 2015.

_____
F. William Mahley

4