IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARTIN ENERGY SERVICES, LLC,

      Plaintiff,

v.                                          CASE NO. 5:14cv322-RH/GRJ

M/V BRAVANTE IX, etc., et al.,

      Defendants.

_____/

**PRETRIAL ORDER**

This order confirms and adds to the rulings announced on the record at the pretrial conference on December 18, 2015.

IT IS ORDERED:

1. The trial remains set for Monday, January 11, 2015, at 1:00 p.m. C.S.T.

2. The attorneys and members of their staffs may bring laptops, electronic tablets, cellular telephones, and other electronic devices into the courtroom.

3. Attorney F. William Mahley's motion for leave to appear pro hac vice, ECF No. 98, is granted.

4. The summary-judgment motion of the defendant ING Bank N.V. ("ING"), ECF No. 71, is denied.

5. The defendants Boldini Ltd. and Grupo Bravante (together "the Buyers") must increase the deposit into the registry of the court by $8,703.[1] Effective upon deposit of the additional $8,703, the Buyers will stand discharged from all liability in personam or in rem arising from the purchase of fuel that was put aboard the M/V Bravante VIII on or about October 21, 2014.

6. The Buyer's motion for summary judgment on ING's counterclaim, ECF No. 74, is granted. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

7. ING may present testimony of witnesses Copley, Mortensen, and Hayward by real-time video connection. The responsibility for making arrangements rests with ING in coordination with the courtroom deputy clerk and the court's information-technology specialist.

SO ORDERED on December 18, 2015.

                                        s/Robert L. Hinkle
                                        United States District Judge

---

[1] This is the largest amount of interest ING has calculated, as set out in its filings in this case, for the period prior to deposit of the contested principal. *See* ECF No. 82 at 7; *see also* Fed. R. Civ. P. 26(a)(1)(A)(iii). The ruling that the Buyers must deposit this amount is not a ruling that any party is entitled to this amount or to any interest at all. Any award of interest will not *exceed* this amount. In its claim and counterclaim, ING did not demand any special damages other than principal and interest; no other special damages will be awarded.