IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| **MARTIN ENERGY SERVICES, LLC**<br><br>    Plaintiff,<br><br>VS.<br><br>**M/V BRAVANTE IX, ETC., ET AL.,**<br><br>    Defendants. | NO. 5:14-CV-00322-RH-GRJ |
| **BOLDINI, LTD. AND GRUPO BRAVANTE,**<br><br>    Counterclaimants,<br><br>VS.<br><br>**MARTIN ENERGY SERVICES, LLC, O.W. BUNKER & TRADING do BRASIL, O.W. BUNKER MIDDLE EAST DMCC, and ING BANK N.V.,**<br><br>    Defendants on Counterclaim and Crossclaim. | |

**PLAINTIFF'S RESPONSE TO
ING BANK, N.V.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

**MAY IT PLEASE THE COURT:**

Martin Energy Services, LLC submits this response to ING Bank, N.V.'s Notice of Supplemental Authority [Doc. 128].

Plaintiff/Claimant Martin Energy Services acknowledges Judge Ellison's decision in the NuStar Energy case, but points out the following:

1.     As to the ability of an ING Bank assignor to claim a lien generally, Judge Ellison's decision conflicts with that of Judge Forrest in New York, previously reported to this Court (see Doc. 126).

2. The final record in this case differs from that in *the Nustar Energy/COSCO* matter in numerous substantial areas.

3. Judge Ellison's discussion of the Ninth Circuit's opinion in *Marine Fuel Supply & Towing, Inc. v. M/V Ken Lucky,* and the Fifth Circuit's opinion in *Lake Charles Stevedores, Inc. v. M/V Professor Vladimir Popov* incorrectly concludes that the focus on the transaction is the sale, rather than the supply, of goods or services.  He correctly points out methods by which an entity can show that the vessel owner *authorized the order* (*Id.*, p. 9), one of which is to show that the vessel owner "identified and accepted" the supplier prior to its performance.  *Id.* p. 10, 11.

4. *Ken Lucky* fully supports the conclusion that Martin has a maritime lien. Where, as here, the bunker order originated with the vessel interests, no agency relationship need be proven in order to assert a lien.

5. Substantial evidence exists in this case establishing that the BRAVANTE VIII owner interests were aware of, accepted and even selected Martin as the supplier prior to delivery of bunkers.  (*See* Martin's Post Trial Briefs, Dkt. Nos. 117 and 118). The BRAVANTE VIII's authorized officers accepted and approved Martin as the supplier at the time of delivery.

6. In the Nustar Energy case, the vessel owner commissioned an affiliate to procure fuel for its vessels, which in turn hired a third party agent, which in turn contracted with O.W. Bunker Far East (now in liquidation), which contracted internally with O.W. Bunker USA, which then contracted with Nustar (see Doc. 128, Ex.1, pp. 3-4).  Importantly, Judge Ellison noted that "…COSCO [did not] direct O.W. Far East to select Nustar."  *Id.*  Accordingly, the Nustar Energy decision is factually distinguishable.

7. Judge Ellison incorrectly rejected the notion that the chief engineer can bind the vessel. A master and a chief engineer are each an "officer … appointed by the owner" who is presumed to have authority to procure necessaries under 46 U.S.C. 31341(a)(4). A suggestion that the officer's roles was limited to "his signature on a receipt" fundamentally misapprehends how bunkering operations work in the maritime industry, especially when the ever present risk of a pollution incident and its potentially serious criminal and enormous civil liability exposures. Bunkers would never be loaded without an officer's close supervision of the operation, nor without the master's full consent and knowledge.

8. It is illogical to narrowly read and apply one section of the Lien Act, namely the "on order of the owner" section, to suppliers such as Martin, while broadly and liberally reading and applying another section of the Act, namely the requirement that one seeking a lien must "supply necessaries" to an entity like OW Bunker to Brasil which was merely on intermediary in the chain of supply. Under a liberal reading of the Act, both Martin and OW Bunker do Brasil would arguably be entitled to claim liens.

Respectfully submitted,

STRASBURGER & PRICE, LLP


By:  /s/ F. William Mahley
    F. William Mahley
    909 Fannin, Suite 2300
    Houston, Texas 77010
    (713) 951-5600 – Telephone
    (713) 951-5660 – Facsimile
    bill.mahley@strasburger.com

ATTORNEYS FOR PLAINTIFF,
MARTIN ENERGY SERVICES, LLC

OF COUNSEL:
Russell R. Stewart
Law Office of Russell R. Stewart
Florida Bar No. 106064
900 E 4th St.
Panama City, Florida  32401
(850) 769-7682 – Telephone
(850) 763-0929 – Facsimile
Email:  rrsfl@comcast.net

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing document has been served upon all counsel of record pursuant to the Federal Rules of Civil Procedure via electronic filing on this the 21st day of December 2016.

/s/ F. William Mahley
F. William Mahley

4