IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| **MARTIN ENERGY SERVICES, LLC**<br><br>Plaintiff,<br><br>VS.<br><br>M/V BRAVANTE IX, ETC., ET AL.,<br><br>Defendants. | NO. 5:14-CV-00322-RH-GRJ |
| **BOLDINI, LTD. AND GRUPO BRAVANTE,**<br><br>Counterclaimants,<br><br>VS.<br><br>MARTIN ENERGY SERVICES, LLC, O.W. BUNKER & TRADING do BRASIL, O.W. BUNKER MIDDLE EAST DMCC, and ING BANK N.V.,<br><br>Defendants on Counterclaim and Crossclaim. | |

**PLAINTIFF'S AMENDED RESPONSE TO
ING BANK, N.V.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

**MAY IT PLEASE THE COURT:**

Martin Energy responds to ING's Notice of Supplemental Authority [Doc. 128], and Judge Ellison's decision in the NuStar Energy case.

1. As to the lien rights of ING Bank assignors generally, Judge Ellison's decision conflicts with that of Judge Forrest in New York, previously reported to this Court [Doc. 126].

2. The final record in this case differs from the facts in *Nustar Energy* in numerous substantial areas.

3. Judge Ellison's discussion of *Ken Lucky* and *Lake Charles Stevedores* incorrectly concludes that the focus on the transaction is the sale, rather than the supply, of goods or services.

4. He correctly points out that an entity can show that the vessel owner *authorized the order*, one of which is to show that the vessel owner "identified and accepted" the supplier prior to performance. Those cases fully support the conclusion that Martin has a maritime lien. Where, as here, the bunker order originated with the vessel interests, no agency relationship need be proven.

5. The evidence in this case establishes that the BRAVANTE VIII owner interests were aware of, accepted and selected Martin as the supplier prior to delivery of the bunkers. [Dkt. Nos. 117, 118].

6. In the *Nustar Energy* case, the vessel owner commissioned an affiliate to procure fuel. The affiliate hired a third party agent, which contracted with O.W. Bunker Far East, which contracted internally with O.W. Bunker USA, which contracted with Nustar (Doc. 128, Ex.1, pp. 3-4). Importantly, Judge Ellison noted that "…COSCO [did not] direct O.W. Far East to select Nustar." *Id.*

7. It is illogical to narrowly apply one section of the Lien Act, the "on order of the owner" section, to suppliers such as Martin, but broadly apply another section of the Act, the requirement that one seeking a lien must "supply necessaries," to an entity like OW Bunker do Brasil, which was merely an intermediary in the chain of supply. Under a liberal reading of the entire Act, both Martin and OW Bunker do Brasil would be entitled to claim liens.

Respectfully submitted,

STRASBURGER & PRICE, LLP

By: /s/ F. William Mahley
    F. William Mahley
    909 Fannin, Suite 2300
    Houston, Texas 77010
    (713) 951-5600 – Telephone
    (713) 951-5660 – Facsimile
    bill.mahley@strasburger.com

ATTORNEYS FOR PLAINTIFF,
MARTIN ENERGY SERVICES, LLC

OF COUNSEL:
Russell R. Stewart
Law Office of Russell R. Stewart
Florida Bar No. 106064
900 E 4th St.
Panama City, Florida 32401
(850) 769-7682 – Telephone
(850) 763-0929 – Facsimile
Email: rrsfl@comcast.net

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing document has been served upon all counsel of record pursuant to the Federal Rules of Civil Procedure via electronic filing on this the 23rd day of December 2016.

    /s/ F. William Mahley
    F. William Mahley